UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PARACO GAS CORPORATION,          :
                    Plaintiff,                :
                                 :
v.                               :      **OPINION AND ORDER**
                                 :
                                 :      20 CV 4971 (VB)
ION BANK, formerly known as Naugatuck  :
Savings Bank,                    :
                    Defendant.                :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Paraco Gas Corporation ("Paraco"), brings this action against defendant Ion Bank, formerly known as Naugatuck Savings Bank ("Ion"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Plaintiff also brings state law claims for fraud, conversion, and unjust enrichment.

      Now pending is defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. #23).

      For the following reasons, the motion to dismiss pursuant to Rule 12(b)(1) is DENIED, and the motion to dismiss pursuant to Rule 12(b)(2) is GRANTED. The Court does not reach the motion to dismiss pursuant to Rule 12(b)(6).

## BACKGROUND

      For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below. However, to the extent there are disputed factual issues concerning the Court's jurisdiction, the Court refers to evidence outside the pleadings.

1

Plaintiff alleges it is a propane company based in Rye Brook, New York, that employs approximately 500 individuals in over 30 locations. According to plaintiff, its insurance broker, Jay Z. Gerlitz & Associates, Inc. ("Gerlitz"), and third-party claim administrator, Employee Benefit Solutions, LLC ("EBS"), worked together to manage all aspects of plaintiff's healthcare benefit plan for plaintiff's employees.

Plaintiff further alleges it purchased from non-party United Fire Insurance Company a "Stop Loss Insurance Policy" for its employees' medical claims covering the period January 1 through December 31, 2018 (the "Policy"). According to plaintiff, its insurance underwriter, non-party Partners Managing General Underwriters ("PMGU"), reconciled the 2018 payments plaintiff made under the Policy, which resulted in an overpayment due back to plaintiff. Thus, plaintiff alleges, PMGU issued to plaintiff four checks, totaling $405,841.18 (together, the "Reimbursement Checks" or the "funds"). Each check states "Pay to the Order Of Paraco Gas Corporation (Kingston Oil)." And the "memo" portion of each check references "Employee Benefit Solutions, Battle, Vanessa, 15 River Rd, Suite 15E, Wilton, CT 06897." Copies of the checks are appended to the amended complaint. (Doc. #20-2).[1] According to plaintiff, PMGU, based in Arizona, sent the checks to EBS in Connecticut for delivery to plaintiff.

Plaintiff further alleges that although it never endorsed, signed, or otherwise authorized the deposit of the Reimbursement Checks, defendant—a Connecticut banking corporation with

---

[1] In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). In addition, the Court may consider materials subject to judicial notice, including other court filings. Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (court filings) (collecting cases).

Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

its principal place of business in Naugatuck, Connecticut—accepted and deposited the checks into EBS's account at the bank. Plaintiff alleges it has "no banking relationship" with defendant. (Doc. #20 ("Am. Compl.") ¶ 31).

Plaintiff also alleges EBS and Gerlitz formed an enterprise as defined in RICO, and worked with defendant to seize the funds. According to plaintiff, after depositing the checks into EBS's account at the bank, defendant seized those funds to pay off a loan it was owed from the alleged enterprise.

Plaintiff also alleges that despite repeated requests to defendant to return the funds to plaintiff, defendant has refused to return the funds.

On August 9, 2019, defendant filed a complaint against several entities and individuals, including EBS, in the Superior Court for the State of Connecticut. See Ion Bank v. PAKS Holdings, LLC, et al., FST-CV19-5021685-S. Paraco was not a named defendant in that action. And although the Superior Court granted each of Paraco's two motions to intervene and directed Paraco to file a pleading, Paraco did not file a pleading in that action. Instead, Paraco withdrew its motion to intervene.

## DISCUSSION

I. Standard of Review

    A. Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89,

94 (2d Cir. 2011). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

In deciding a motion to dismiss under Rule 12(b)(1) at the pleadings stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

B. Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Prior to conducting discovery, plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations of jurisdiction." Ball v. Matallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). "At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Id. A plaintiff can also make this showing through its own affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish

jurisdiction over a defendant. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). When there has been no hearing on the merits, "all pleadings and affidavits must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . . plaintiff's favor." Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). "Nevertheless, conclusory allegations lacking factual specificity do not satisfy this burden." RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 393 (S.D.N.Y. 2009), aff'd, 387 F. App'x 72 (2d Cir. 2010) (summary order).

II.  Rooker-Feldman Doctrine

Defendant argues the Court lacks subject matter jurisdiction over plaintiff's claims under the Rooker-Feldman doctrine.

The Court disagrees.

The Rooker-Feldman doctrine bars federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when four requirements are satisfied: (i) the federal-court plaintiff has lost in state court, (ii) the plaintiff complains of injuries caused by a state-court judgment, (iii) the plaintiff invites district court review and rejection of that judgment, and (iv) the state-court judgment was rendered before the district court proceedings commenced. Id. "Rooker-Feldman [is] inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." Lance v. Dennis, 546 U.S. 459, 464 (2006).

5

Here, the summons and complaint in Ion Bank v. PAKS Holdings, LLC, et al.,—copies of which were submitted with defendant's motion to dismiss (Doc. #24-2)—makes clear that plaintiff was not a party in the state court action. And as defendant itself points out, although the Superior Court granted each of plaintiff's two motions to intervene, plaintiff did not file a pleading as the state court instructed. Rather, Paraco withdrew its motion to intervene. Thus, because the party against whom the Rooker-Feldman doctrine is invoked was not a party in the state court proceeding, the doctrine does not divest this Court of subject matter jurisdiction. See Lance v. Dennis, 546 U.S. at 464.[2]

III. Personal Jurisdiction

Defendant argues plaintiff's claims must be dismissed because the Court lacks personal jurisdiction over defendant under either RICO or New York's long-arm statute.

The Court agrees.

A. Personal Jurisdiction Over Non-Domiciliary Defendant

To determine whether personal jurisdiction exists over a non-domiciliary defendant such as Ion, the Court engages in a two-step inquiry. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court must determine whether there is a "statutory basis for exercising personal jurisdiction." Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 129 (2d Cir. 2013). "In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not

---

[2] Even if plaintiff was a party in the state court action, the Rooker-Feldman doctrine still would not apply. The state court entered a default judgment against Anthony Riccardi, one of the defendants in Ion Bank v. PAKS Holdings, LLC, et al., in the amount of $362,899.01. In this case, plaintiff neither complains of injuries caused by entry of the default judgment against Riccardi, nor invites rejection of that judgment. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d at 85.

specifically provide for nation[wide] service of process." PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997) (citing Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104–05 (1987)).  Thus, here, personal jurisdiction may exist under RICO or Section 302 of the New York Civil Practice Law and Rules ("CPLR").  See Milton v. Wazed, 2018 WL 2074179, at *8 (E.D.N.Y. Mar. 30, 2018).

Second, the Court must "analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d at 164.  This step is required only if the forum state's jurisdictional requirements are satisfied.  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).

B. Jurisdiction Under RICO

RICO's jurisdiction and venue section, 18 U.S.C. § 1965(a), "grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs." PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 71 (2d Cir. 1998).  "In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." Id.

"Courts in this Circuit have concluded that the phrase 'transacts his or her affairs' contained in § 1965(a) has been held to be synonymous with the 'transacts business' language of section 12 of the Clayton Act and the test for transacting business for venue purposes under the antitrust laws is co-extensive with the test for jurisdiction under New York CPLR § 302." Dandong Old N.-E. Agric. & Animal Husbandry Co. v. Hu, 2017 WL 3328239, at *6 (S.D.N.Y. Aug. 3, 2017).

C. Jurisdiction Under New York's Long-Arm Statute

"CPLR § 302 is New York's 'long-arm' statute permitting jurisdiction over an out-of-state defendant." Bidonthecity.com LLC v. Halverston Holdings Ltd., 2014 WL 1331046, at *3 (S.D.N.Y. Mar. 31, 2014). Pursuant to Section 302(a):

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

In the instant case, because no allegations in the complaint support an exercise of personal jurisdiction over defendant pursuant to CPLR § 302(a)(2) or (4), plaintiff can make a prima facie showing of personal jurisdiction if it adequately pleads the requirements of CPLR § 302(a)(1) or (3) are met.

1. Section 302(a)(1)

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015).

8

"Whether a non-domiciliary is transacting business within the meaning of CPLR 302(a)(1) is a fact based determination, and requires a finding that the non-domiciliary's activities were purposeful and established a substantial relationship between the transaction and the claim asserted." Paterno v. Laser Spine Inst., 24 N.Y.3d 370, 376 (2014). "Purposeful activities are volitional acts by which the non-domiciliary avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. When analyzing whether a defendant has met the purposeful availment standard, courts look "not [at] the quantity but the quality of the contacts." Id. at 378. In addition, "[t]o determine whether a party has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999).

With respect to the second prong, "New York courts have held that a claim 'arises from' a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). Moreover, "[t]o satisfy § 302(a)(1), a party need not be physically present in the state, and a single act may suffice, provided the claim against the defendant arises from that act." AmTrust Fin. Servs., Inc. v. Lacchini, 260 F. Supp. 3d 316, 331 (S.D.N.Y. 2017).

2. Section 302(a)(3)

To determine if personal jurisdiction under Section 302(a)(3) exists, courts generally apply a situs-of-injury test, which looks to "the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Whitaker v. American Telecasting, Inc., 261 F.3d at 209. "The situs of the injury is where the underlying,

original event causing the injury took place, and is to be distinguished from both the initial tort and its final economic consequences." Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 460 (E.D.N.Y. 2004), aff'd, 125 F. App'x 374 (2d Cir. 2005) (summary order). Thus, where no "New York injury" is alleged, there exists no "factual predicate sufficient to authorize jurisdiction over [a non-domiciliary defendant] under the New York long arm statute." Whitaker v. American Telecasting, Inc., 261 F.3d at 209.

D. Application

Here, plaintiff does not plausibly allege the Court has personal jurisdiction over defendant under CPLR § 302(a)(1) or (3). Accordingly, plaintiff also fails to allege personal jurisdiction under 18 U.S.C. § 1965(a).

1. RICO and CPLR § 302(a)(1) [3]

With respect to whether or not plaintiff sufficiently pleaded a prima facie case that defendant "transacted business" under 18 U.S.C. § 1965(a) or CPLR § 302(a)(1), the Court concludes it did not. Plaintiff's allegations in this respect are either conclusory and lacking in factual specificity or insufficient as a matter of law.

As an initial matter, plaintiff does not allege defendant resides in or has an agent in New York. Thus, the Court turns to whether plaintiff has made a prima facie showing that defendant "transacted business" in New York, and whether plaintiff alleges any articulable nexus between the business transacted and the cause of action sued upon.

---

[3] The Court notes plaintiff made the allegations analyzed in this section with respect to its contention that personal jurisdiction exists under CPLR § 302(a)(3)(i). However, plaintiff inexplicably failed to make any supporting allegations or arguments with respect to why there might be personal jurisdiction under 18 U.S.C. § 1965(a) (or CPLR § 302(a)(1)). Thus, the Court considers plaintiff's CPLR § 302(a)(3)(i) allegations in its consideration of whether plaintiff pleads a prima facie case under CPLR § 302(a)(1).

Plaintiff's allegation that defendant "has availed itself to the privilege of conducting activities in the State of New York, including but not limited to, the systematic marketing and selling of its banking products, lending money to, accepting deposits and guarantees from New York State residents, which, led to Ion Bank commencing litigation against such residents in the Courts of this State" (Am. Compl. ¶ 10), is conclusory, lacks specificity, and does not adequately plead that defendant transacted business in New York. For instance, plaintiff offers no allegations of where or how defendant allegedly markets and sells it banking products in New York. Nor does it offer any allegations regarding the loans defendant allegedly made to New York residents, such as how many, when, to whom, or in what amounts.

Moreover, in support of this vague and conclusory allegation, plaintiff offers only two additional allegations, neither of which plausibly pleads "some articulable nexus between the business transacted and the cause of action sued upon." Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d at 103. First, plaintiff alleges that in 1993, defendant commenced a lawsuit in Supreme Court, Westchester County, against a New York resident who was a guarantor on a loan, and second, that defendant's affidavit in support of its August 20, 2020, motion to dismiss the original complaint, "confirms that the Bank did business with New York residents as guarantors on loans originated in Connecticut by Ion to Connecticut borrowers or borrowers financing Connecticut real estate." (Am. Compl. ¶ 12) (citing to Doc. #10-1). Even construing the amended complaint in the light most favorable to plaintiff and resolving all doubts in plaintiff's favor, the Court cannot conclude that the instant case "arises from" the 1993 lawsuit or from the other alleged transactions involving the New York guarantors.[4]

---

[4] In addition, plaintiff's contention that defendant's commencement of a suit in New York almost thirty years ago establishes that defendant purposefully availed itself of the privileges of conducting activities in New York is wrong. It is well-established that a party's involvement in

11

Accordingly, the Court does not have personal jurisdiction over defendant under 18 U.S.C. § 1965(a) or CPLR § 302(a)(1).

2. CPLR § 302(a)(3)

Plaintiff also does not make a prima facie showing of personal jurisdiction under CPLR § 302(a)(3), because it does not plausibly allege defendant committed a tortious act outside New York that caused injury within New York.

Plaintiff's main contention regarding injury is that defendant "fraudulently seized the [Employee Retirement Income Security Act] funds of a New York corporation which caused severe damage and injury to the Plaintiff." (Doc. #33 ("Opp.") at ECF 8).[5]

However, there is no allegation that the depositing of the Reimbursement Checks or defendant's alleged seizing of the funds took place anywhere other than in Connecticut. In other words, there is no allegation or inference that the situs of the injury is New York. Thus, plaintiff fails to plead a New York injury sufficient to establish the Court's personal jurisdiction over defendant pursuant to CPLR § 302. See Baptichon v. Nevada State Bank, 304 F. Supp. 2d at 460 (injury did not occur in New York as required under § 302(a)(3) because "[t]he original event causing plaintiff's injury [] occurred in Nevada, where [defendant] deposited the check"); Whitaker v. American Telecasting, Inc., 261 F.3d at 209 ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a

---

"other cases in New York does not create specific jurisdiction because a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction." See Johnson v. UBS AG, 791 F. App'x 240, 243 (2d Cir. 2019) (summary order), cert. denied, 140 S. Ct. 2514 (2020).

[5] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York.").

   3. Due Process

Because plaintiff has not plausibly pleaded a statutory basis for exercising personal jurisdiction, the Court need not engage in the second step of the personal jurisdiction analysis—the Due Process inquiry. See Best Van Lines, Inc. v. Walker, 490 F.3d at 244.

Accordingly, the Court does not have personal jurisdiction over defendant, and the amended complaint must be dismissed.

## CONCLUSION

The motion to dismiss for lack of subject matter jurisdiction is DENIED.

The motion to dismiss for lack of personal jurisdiction is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #23) and close this case.

Dated: July 6, 2021
   White Plains, NY

        SO ORDERED:

        _____
        Vincent L. Briccetti
        United States District Judge